# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Reissued for Public Availability Date: August 22, 2024

* * * * * * * * * * * * * * * * * * * * * * * *
KEITH PILLISCHAFSKE,     *
                                             *     No. 22-1860V
                  Petitioner,     *
                                             *     Special Master Christian J. Moran
v.     *
                                             *     Filed: July 29, 2024
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
                                             *
                  Respondent.    *
* * * * * * * * * * * * * * * * * * * * * * * *

Keith Pillischafske, pro se, Champaign, Illinois.
Emilie Williams, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1][2]

Keith Pillischafske alleged that a flu vaccine he received on October 2, 2019 caused him to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"). Pet., filed Dec. 9, 2022. On July 22, 2024, Mr. Pillischafske moved for a decision dismissing his petition.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on July 29, 2024 and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

I. **Procedural History**

Mr. Pillischafske filed a petition for compensation on December 9, 2024, alleging that the flu vaccine he received on October 29, 2019 caused him to suffer from CIDP.  He filed medical records over the next few months.

The Secretary filed his Rule 4(c) report on October 4, 2023 contesting entitlement.[3]  The Secretary argued that Mr. Pillischafske had not submitted a credible medical opinion in support of his claim, nor a reliable medical theory causally connecting the flu vaccine to his injury.  Id. at 13.  The Secretary further noted that no treating physicians had implicated the flu vaccine as a cause, and that Mr. Pillischafske's CIDP may have predated his vaccine.  Id. at 13-14.

A status conference was held on November 14, 2023.  Mr. Pillischafske stated that he had an upcoming appointment with a new neurologist, and planned to ask the treater for an opinion on causation.  The undersigned provided a list of questions for Mr. Pillischafske to give to the doctor.  Order, issued Nov. 14, 2023.  The appointment was postponed by several months, and Mr. Pillischafske was ordered to provide an update.  Order, issued June 20, 2024.

Mr. Pillischafske filed a status report on July 22, 2024, advising that the neurologist was unwilling to provide an opinion for this case.  The same day, Mr. Pillischafske moved for a decision dismissing his petition.

II. **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

---

[3] The Secretary initially did not include a Certificate of Service with his Report, and refiled an identical Report with the Certificate of Service on October 12, 2024.

In this case, Mr. Pillischafske filed medical records in support of his claim but did not obtain a supportive report from an expert.  Therefore, Mr. Pillischafske wishes to have his claim dismissed and judgment entered against him.  Given Mr. Pillischafske's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, Mr. Pillischafske did not provide an expert report to support his claim that the flu vaccine caused his CIDP.  Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

3